**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-10376 |
| | ) | |
| JORDAN, HORTENSE B., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | **Date: December 13, 2016** |
| | | **Time: 10:30 a.m.** |

**NOTICE OF FINAL APPLICATION OF COUNSEL FOR TRUSTEE
FOR COMPENSATION**

PLEASE TAKE NOTICE that on **Tuesday, December 13, 2016 at 10:30 AM**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Timothy A. Barnes, or any judge sitting in his stead, in Courtroom 744, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Final Application of Counsel for Trustee Compensation,** at which time and place you may appear as you see fit.

Dated:  November 18, 2016

**BRUCE de'MEDICI,**

By: _____/s/ N. Neville Reid_____
Fox, Swibel, Levin & Carroll, LLP,
Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

*Counsel to N. Neville Reid, the Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I, N. Neville Reid, certify that on November 18, 2016, I caused a copy of the foregoing

**Final Application of Counsel for Trustee for Compensation,** to be filed electronically, with a

copy of same being served upon the parties listed on the attached Service List by the Court's

ECF filing system or by postage prepaid first-class U.S. Mail, as indicated.


*/s/ N. Neville Reid*
N. Neville Reid

## SERVICE LIST

**Parties to receive notice electronically via CM/ECF:**

Patrick S. Layng
USTPRegion11.ES.ECF@usdoj.gov

Thomas Twomey, Counsel to the Debtor
ecf@zaplawfirm.com

**Parties to receive notice by email:**

Bruce de'Medici
bdemedici@kelleykronenberg.com

**Parties to receive notice by postage prepaid first-class U.S. Mail:**

Hortense B. Jordan
1641 Downs Drive
Calumet City, IL 60409

Vivian Jordan
1641 Downs Drive
Calumet City, IL 60409

Bruce de'Medici
Kelley Kronenberg
190 S. LaSalle, #450
Chicago, IL 60603

American Express
c/o Becket and Lee
P.O. Box 3001
Malvern, PA 19355

Chase
800 Brooksedge Blvd
Westerville, OH 43081

GEMB/JC Penny WalMart
Attention: Bankruptcy
P.O. Box 103106
Roswell, GA 30076

Sams Club
Bankruptcy Department
P.O. Box 103104
Roswell, GA 30076

Bank of America
Attn: Bankruptcy NC4-105-02-99
P.O. Box 26012
Greensboro, NC 27410

Citibank USA
Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195

Macy DSNB
9111 Duke Blvd
Mason, OH 45040

Sears
Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195

Chase
Attn: Bankruptcy Dept
P.O. Box 100018
Kennesaw, GA 30156

Exxmblciti
P.O. Box 6497
Sioux Falls, SD 57117

Radio Shack/CBUSA
Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195

Shell Oil / Citibank
Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195

Target
P.O. Box 9475
Minneapolis, MN 55459

Visa DSNB
9111 Duke Blvd
Mason, OH 45040

Wells Fargo
Collection Service, 1st Floor, M
1 Home Campus
Des Moines, IA 50328

Wells Fargo
P.O. Box 60510
Los Angeles, CA 90060

Wells Fargo Finance
17645 S. Torrence
Lansing, IL 60438

Wells Fargo Home Mortgage
P.O. Box 1230
MAC X5401-031
Charlotte, NC 28201-1230

WFNNB/Eddie Bauer
995 W 122nd Ave
Westminster, CO 80234

WFNNB/Roaman
P.O. Box 182125
Columbus, OH 43218

WFNNB/Silhouettes
P.O. Box 2974
Shawnee Mission, KS 66201

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re                                          )
                                               )
                                               )        Bankruptcy No. _____
                                               )
                     Debtor.          )                 Chapter          _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From   _____, _____   through _____, _____

Amount of Fees Sought:       $_____

Amount of Expense Reimbursement Sought:      $_____

This is an:          Interim Application _____          Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|

Dated: _____        _____
                                                            (Counsel)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:                              )        Case No. 08-10376
                                    )
Hortense B. Jordan                  )        Chapter 7
        Debtor                      )
                                    )        Hon. Timothy A. Barnes


**SUMMARY SHEET FOR FINAL
APPLICATION FOR COMPENSATION**
28 C.F.R. Ch. I, Part 58, Appendix A


| | |
|---|---|
| TOTAL COMPENSATION SOUGHT THIS PERIOD | $5,355 |
| TOTAL EXPENSES SOUGHT THIS PERIOD | -0- |
| TOTAL COMPENSATION APPROVED BY INTERIM ORDERS | -0- |
| TOTAL EXPENSES APPROVED BY INTERIM ORDERS | -0- |
| TOTAL ALLOWED COMPENSATION PAID TO DATE | -0- |
| TOTAL ALLOWED EXPENSES PAID TO DATE | -0- |
| PROFESSIONALS INCLUDED IN THIS APPLICATION | Bruce de'Medici |
| HOURLY RATE | $450/$475 |
| DATE OF BAR ADMISSION | 1983 in IL |
| TOTAL HOURS BILLED | 11.8 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-10376 |
| | ) | |
| JORDAN, HORTENSE B., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | **Date: December 13, 2016** |
| | ) | **Time: 10:30 a.m.** |

**FINAL APPLICATION OF COUNSEL**
**FOR TRUSTEE FOR COMPENSATION**

Bruce de'Medici respectfully submits this final application for the allowance of compensation of $5,355 pursuant to sections 330(a) and 503(b) of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.*, for services rendered to N. Neville Reid, in his capacity as trustee, and states in support as follows:

**I**
**STATEMENT IN SUPPORT OF APPLICATION**

A.      US TRUSTEE GUIDELINES AND 28 C.F.R. PART 58, APPENDIX A.

1. Information about de'Medici and the application:

(i) Case information

| APPLICANT | Bruce de'Medici |
|---|---|
| PETITION DATE | 4/25/08 |
| DATE OF ORDER APPROVING EMPLOYMENT | 10/27/15 |
| CLIENT | N. Neville Reid, as trustee |

(ii) Terms/conditions of employment

The Trustee employed de'Medici at his hourly rate and pursuant to 11 U.S.C. §327(a). The application before the Court does not include any time for which the Court entered an award or the estate remitted payment. The Trustee did not provide a retainer. The

Trustee did not 'promise' any payments to de'Medici outside of advising him that he would have the right to seek compensation and reimbursement of costs pursuant to 11 U.S.C. §§330(a) and 503(b) and de'Medici is seeking compensation under those provisions. de'Medici's request is not subject to any budgets, caps, or limitations on fees or costs.

(iii) <u>Summary of timekeepers:</u>

| NAME | HOURLY RATE |
|------|-------------|
| Bruce de'Medici | $450/$475 |

de'Medici's hourly rate is based upon customary compensation charged by comparably skilled practitioners in bankruptcy cases.

(iv) <u>Application information:</u>

This is a final application. No prior applications.

(v) <u>Client review and approval</u>

The Trustee has been given the opportunity to review this application and approved the amount of compensation requested.

(vi) <u>Time period of services/expenses</u>

| TIME PERIOD COVERED BY THIS APPLICATION | 8/8/15 – 8/20/16 |
|------------------------------------------|-------------------|

2. Case Status:

| MONIES RECEIVED AND DISBURSED | Approx. $54,500/-0- |
|-------------------------------|---------------------|
| EXPECTED DATE FOR FINAL REPORT | Contemporaneous with this application |
| CASH ON DEPOSIT | Approx. $54,500 |
| ACCRUED ADMINISTRATIVE EXPENSES | Trustee compensation, compensation of accountant, and fees requested herein. |
| UNENCUMBERED FUNDS IN THE ESTATE | Approx. $54,500 |

B.     PROJECT SUMMARY

In compliance with the applicable standards for the preparation of fee applications,

de'Medici has set forth a narrative description of project categories, their necessity and benefit to the estate, and their status.  Except where noted otherwise, de'Medici provided all of the services.  de'Medici has also set forth a statement of the number of hours spent and the amount of compensation requested, and attached detailed time records in chronological order, for each project category.

i.    <u>EMPLOYMENT OF PROFESSIONALS</u>

1.    de'Medici provided .8 hours in performing services under this category, at a value of $360.  A copy of the entries for these services is included within Exhibit "i".

2.    The Trustee determined that he required the services of counsel, primarily in connection with recovering the interest of the estate in an award to the Debtor of compensation from Wells Fargo Financial.   At the Trustee's direction, de'Medici prepared the application for the Trustee to retain counsel.  The Trustee is obligated to obtain authority from this Court for the employment of counsel and de'Medici's service in this category benefitted the Trustee and the estate and de'Medici is entitled to be compensated for them.

ii.    <u>ASSETS</u>

3.    de'Medici provided 9.3 hours in performing services under this category, at a value of $4,187.50.   A copy of the entries for these services is included within Exhibit "ii".

4.    The Debtor was entitled to receive $54,518.56 as his distribution arising from a $85 million civil money penalty that the Federal Reserve Board (i) assessed against Wells Fargo & Company of San Francisco and Wells Fargo Financial, Inc. and (ii) ordered to be distributed among borrowers affected by certain actions of Wells Fargo.

The Trustee instructed de'Medici to resolve the distribution of this award to the estate

and obtain an order from this Court authorizing the Trustee to accept the compromise of

that award.  de'Medici undertook the steps necessary to direct Wells Fargo to (i) remit the

award and (ii) do so to the Trustee.  As a result of this, the Trustee recovered the funds

from the award, *viz.*, $54,518.

5.      In performing these services, de'Medici enabled the Trustee to fulfill his

obligation to administer assets and recover them for payment on claims.  The Trustee

may be able to remit a surplus to the Debtor out of these funds.  These services benefitted

the estate and de'Medici is entitled to be compensated for them.

### iii.      PREPARATION OF FEE APPLICATION

6.      de'Medici provided 1.7 hours in performing services under this category,

at a value of $807.50.  A copy of entries for these services is included within Exhibit

"iii".

7.      In preparing the Application, Bruce de'Medici complied with the

standards which are set forth in the opinions in *In re Continental Illinois Securities

Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983), *In re Pettibone Corp.*, 74 B.R. 293 (Bankr.

N.D. Ill. 1987) and *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987), Local Rule 5082-

1, and the guidelines of the Office of the United States Trustee.  de'Medici is entitled to

be compensated for preparing the Application, in accordance with *In re Alberto*, 121 B.R.

531 (Bankr. N.D. Ill. 1990); *In re NuCorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

## II
## ALLOWANCE OF COMPENSATION

A.      STANDARDS FOR DETERMINING ALLOWANCE

8.      Section 330 of the Bankruptcy Code provides, in relevant part:

> (a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103 —
>
>> (A) reasonable compensation for actual, necessary services rendered by . . . such person; and
>>
>> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

9.     Pursuant to 11 U.S.C. §330, professionals applying for fees must demonstrate that their services were actual, necessary, and reasonable.  Bankruptcy Rule 2016 requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016.

10.     To be compensable, services that professionals render to a debtor must produce a benefit to the estate. *In re Grabill Corp.*, 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted).   In assessing the reasonableness of attorneys' fees under 11 U.S.C. §330, Judge Squires considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*In re McNichols*, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

11.     Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the

10

reasonableness of the services provided to the estate.  As the United States Court of

Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and
> not become enmeshed in meticulous analysis of every detailed facet of the
> professional representation. It is easy to speculate that the work could have
> been done in less time or with fewer attorneys or with an associate rather
> than a partner. On the other hand, it is also possible that [the debtor] would
> not have enjoyed the success it did had its counsel managed matters
> differently.

*In re Boston and Maine Corporation*, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and

citations omitted).  The Seventh Circuit has recognized that the appropriate measure to

determine the reasonableness of attorneys' fees is the market based approach. *See*

*Steinlauf v. Continental Illinois Corp. (In the Matter of Continental Illinois Sec. Lit.*), 962

F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys'

fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in

the way of a fee in an arms' length negotiation…").  Similarly, as Judge Squires reasoned,

"the attorney/client relationship [i]s one in which the terms of the engagement should

normally be upheld, including the fee arrangement, so as not to unduly intrude upon the

bargain struck between the parties who have entered into an important professional

relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

These factors are applicable to the fee arrangement between de'Medici and the Trustee.


B.      APPLICATION OF RELEVANT CRITERIA AND STANDARDS

        12.     In applying the criteria set forth above to this request for compensation,

the Court should consider foremost the effort required and provided by de'Medici, the

reasonableness of the services rendered, and the results achieved.  All of the services

performed by de'Medici were required for the proper representation of the Trustee in this

11

case, authorized by the Court, and performed by de'Medici at the request and direction of the Trustee.  Further, the amount of services rendered by de'Medici to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the issues involved in this case.

13.      Pursuant to 11 U.S.C. §331 and the generally applicable criteria of the time, nature, extent, and value of the services performed, all of de'Medici's services are compensable.  The experience and expertise in bankruptcy cases and the quality of the services brought to this case by de'Medici further support the compensation for which de'Medici seeks allowance.  de'Medici charges an hourly rate that is comparable to the market for lawyers with his experience.  Furthermore, the rates at which de'Medici seeks compensation are his standard hourly rates and the hours for which compensation is sought are reasonable and appropriate.  The request for allowance is within an acceptable range for comparable legal services in the Chicago metropolitan legal community and fair given the efforts required of de'Medici in this case and the risk of non-payment; the Trustee has recovered funds for the estate through the efforts outlined in this application and in the absence of the recovery the estate would have had no funds for a distribution to creditors.

C.      WRITE-DOWN

14.      de'Medici did not bill for all of his time on this file.  Primarily, de'Medici did not bill for all of his time communicating with the Trustee about the case or for preparing the pleadings filed on behalf of the Trustee.

**III
STATEMENT PURSUANT TO 11 U.S.C. §504
AND BANKRUPTCY RULE 2016(a)**

15.    Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation within that party's firm, de'Medici has not agreed to share with any person, firm, or entity any award of fees which he may receive for having represented the Trustee in this case.  Furthermore, there is no agreement between de'Medici and any other party for sharing compensation that any other person, firm or entity receives in connection with representing the Trustee in this case.

## IV
## REQUEST FOR RELIEF

WHEREFORE, Bruce de'Medici as counsel for the trustee for Hortense B. Jordan, prays that pursuant to 11 U.S.C. §§330(a) and 503(b) this Court allow final compensation in the amount of $5,355, authorize the Trustee to remit payment thereon, and grant such further relief as is just.


Dated:  November 18, 2016                          Respectfully Submitted,

                                                   **BRUCE de'MEDICI,**

                                                   *By:* _____ */s/ N. Neville Reid* _____
                                                   Fox, Swibel, Levin & Carroll, LLP,
                                                   Counsel to the Trustee


N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

*Counsel to N. Neville Reid, the Chapter 7 Trustee*

13

# Fee Breakdown

| CATEGORY | HOURS |
|---|---|
| Employment of Professionals | .8 |
| Assets | 9.3 |
| Fee Application | 1.7 |
| TOTAL | 11.8 |

| CATEGORY | FEES |
|---|---|
| Employment of Professionals | $360 |
| Assets | $4,187.50 |
| Fee Application | $807.50 |
| TOTAL | $5,355 |

# Exhibit **i**

**Bruce de'Medici**

**190 S. LaSalle | Suite 450**

**Chicago | Illinois 60603**

**Tel: 312.216.8828**

**Email: bdemedici@kklaw.com**

## BILLING

**8/20/16**

**Reid/Hortense Jordan**
**Invoice - Professionals**

| Date | Description | Time | Amount |
|------|-------------|------|--------|
| 10/20/15 | Prepare application to employ counsel | 0.8 | $360.00 |
| | **TOTAL BILLING** | **0.8** | **$360.00** |

Exhibit ii

**Bruce de'Medici**

**190 S. LaSalle | Suite 450**

**Chicago | Illinois 60603**

**Tel: 312.216.8828**

**Email: bdemedici@kklaw.com**

## BILLING

**8/19/16**

### Reid/Hortense Jordan
### Invoice - Assets

| Date | Description | Time | Amount |
|------|-------------|------|--------|
| 8/18/15 | t/c w/ Jane Berman at Wells Fargo to review the language they need in an order to tender the settlement funds to the Trustee | 0.2 | $90.00 |
| 8/18/15 | Memorandum to Mr. Reid to update him on communications with Wells Fargo | 0.1 | $45.00 |
| 8/21/15 | Analysis to support motion to reopen | 0.8 | $360.00 |
| 8/21/05 | Prepare motion to reopen | 1.3 | $585.00 |
| 9/2/15 | Hearing on Motion to reopen | 0.7 | $315.00 |
| 9/12/15 | Review case background, memoranda to Mr. Reid from Wells, and plan legal steps | 0.9 | $405.00 |
| 10/20/15 | Prepare application to employ counsel | 0.8 | $360.00 |
| 11/1/15 | Review of settlement documents to verify Trustee has all necessary steps to complete settlement | 0.9 | $405.00 |
| 11/5/15 | Memorandum to Greg Richard to update him on authority for the Trustee to execute release agreement with Wells Fargo | 0.1 | $45.00 |

| | | | |
|---|---|---|---|
| 11/5/15 | Motion to compromise for obtaining Wells Fargo settlement proceeds | 1.7 | $765.00 |
| 11/5/15 | Memoranda with Greg Richard, at Wells Fargo, to confirm text that they require to enable Mr. Reid to execute the release and obtain the settlement funds | 0.4 | $180.00 |
| 11/6/15 | Memoranda with Greg Richard requesting release that Wells Fargo needs Neville to sign | 0.2 | $90.00 |
| 11/11/15 | Review release from Wells Fargo for Mr. Reid to sign in connection with payment of the claim proceeds | 0.2 | $90.00 |
| 11/11/15 | Memorandum to Mr. Reid to remind him to instruct Wells Fargo on how to draw the settlement check. | 0.1 | $45.00 |
| 12/9/15 | Court – motion for approval of settlement with Wells Fargo | 0.6 | $270.00 |
| 12/15/15 | Memorandum to Mr. Reid to remind him to the entry of the order approving the settlement on the docket and to sign the release and settlement with Wells Fargo | 0.1 | $45.00 |
| 1/6/16 | Memorandum to Mr. Reid on executing Wells Fargo settlement | 0.1 | $45.00 |
| 2/10/16 | t/c w/ Greg Richard to review need to send documents to him re release instead of to Ms. Bowman as Wells Fargo previously instructed | 0.1 | $47.50 |
| | **TOTAL BILLING** | **9.3** | **$4,187.50** |

# Exhibit iii

**Bruce de'Medici**

**190 S. LaSalle | Suite 450**

**Chicago | Illinois 60603**

**Tel: 312.218.8828**

**Email: bdemedici@kklaw.com**

## BILLING

**8/20/16**

**Reid/Hortense Jordan**
**Invoice - Fee Application**

| Date | Description | Time | Amount |
|------|-------------|------|--------|
| 8/20/16 | Prepare fee application | 1.7 | $807.50 |
| | **TOTAL BILLING** | **1.7** | **$807.50** |